UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ARBRA SHORTER                                                                             PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 3:21-CV-672-TSL-RPM

MARTIN PACE and WARREN COUNTY                                              DEFENDANTS

**REPORT AND RECOMMENDATIONS**

Plaintiff Abra Shorter ("Shorter"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint on October 21, 2021. Doc. [1]. Shorter alleges he was subjected to a "lockdown" at the Warren County Jail from April 19, 2021, to May 13, 2021, following a violent encounter between other inmates. *Id*. at 5. During this period of confinement, he alleges that his property, including shower towels, toothpaste, and mats were taken away. *Id*. He also presents condition-of-confinement claims concerning mold, water temperatures, contaminated toilets, and exposed wiring at the Warren County Jail. He was transferred to the Central Mississippi Correctional Facility ("CMCF") on July 14, 2021. The Court conducted a *Spears* hearing on October 18, 2022. Shorter testified that he was an inmate in the custody of the Mississippi Department of Corrections ("MDOC") during his time at the Warren County Jail. Defendants Sheriff Martin Pace and Warren County ("Defendants") move for judgment on the pleadings for Shorter's failure to exhaust the MDOC administrative remedies program. Doc. [28]. Shorter did not file a response to the motion.

I. APPLICABLE LAW

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007). The court "accepts all well-pleaded facts as true, viewing them in the light most

favorable to the plaintiff." *Id*. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Id*. at 555 (citations and footnote omitted).

The Prison Litigation Reform Act ("PLRA") requires incarcerated and detained persons to exhaust available administrative remedies prior to bringing an action under § 1983. 42 U.S.C. § 1997e(a). In *Tomlin v. Jackson Cnty., Mississippi*, the court explained the MODC administrative remedies process:

> The MDOC has a two-step Administrative Remedy Program ("ARP") to address inmates' complaints regarding their incarceration. *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013). The ARP requires an inmate to submit a written grievance, and if he is not satisfied with the response to it, he may continue to the second step by submitting the appropriate ARP form. The second step response completes the ARP process, and if the inmate remains unsatisfied, he may then file suit in federal court. *Id.*; *see also, MDOC Inmate Handbook*, Chapter VIII, Administrative Remedy Program. Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement—the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act.

2017 WL 1201756, at *3 (S.D. Miss. Mar. 31, 2017) (citing *Tompkins v. Holman*, 2013 WL 1305580, *2 (S.D. Miss. March 26, 2013)); *see also Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The United States Supreme Court has explained that the PLRA's exhaustion requirement is mandatory. *Jones v. Bock*, 127 S. Ct. 910 (2007). The United States Court of Appeals for the Fifth Circuit has held accordingly and clarified that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012). The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 F. App'x. 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). Further, "[i]t is not enough to

merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901, *2 (S.D. Miss. Sept. 11, 2013). *See also Wright*, 250 F.3d at 358 (finding that filing an initial grievance, without more, did not equate to exhaustion).

II. DISCUSSION

Defendants argue that Shorter failed to utilize MDOC administrative remedies available to him at both the Warren County Jail and CMCF. Doc. [29]. Defendants note that Shorter was an MDOC inmate throughout all times relevant to his claims. At the *Spears* hearing, Shorter stated that he was aware of the MDOC grievance procedure. He also stated that he did not believe that Warren County had a grievance procedure. Defendants highlight that while under oath Shorter stated that he did not request grievance forms from Warren County Jail staff or seek to formalize his complaints in writing. Defendants explain that the MDOC procedure requires inmates to submit their grievances in writing. Doc. [29], at 5.

Mere ignorance of the exhaustion requirement does not excuse a plaintiff's failure to exhaust. *See Gonzalez v. Crawford*, 419 F. App'x. 522 (5th Cir. 2011); *Leggett v. Lafayette*, 608 F.App'x. 187 (5th Cir. 2015). However, "[g]rievance procedures are unavailable to an inmate if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015). As a general matter, where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they can render that remedy "unavailable" to such an extent that a court will excuse the prisoner's failure to exhaust. *See, e.g., Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Shorter makes no such allegations. He simply stated at the *Spears* hearing that Warren County did not have a grievance procedure.

3

However, he also testified that he was familiar with the MDOC grievance procedure and that he was an MDOC inmate. "The Fifth Circuit requires that a prisoner plaintiff must, at the very least, inquire about filing a grievance and be denied in order to properly assert that administrative remedies are unavailable." *Davis v. Bulter*, 2014 WL 5502421, at *3 (S.D. Miss. Oct. 30, 2014) (citing *Manemann v. Garrett*, 484 F. App'x. at 857, 858 (5th Cir. 2012); *Bailey v. Anderson*, 2014 WL 4327917 at *5 (N.D. Tex. Sept. 2, 2014)). *See also Badger v. Fisher*, 2017 WL 5906045, at *3 (S.D. Miss. Nov. 30, 2017).

Moreover, Shorter's testimony acknowledges that he did not make any effort to put his complaints in writing as required by the grievance procedure. The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994). Given Shorter's admissions and his failure to present any factual allegations related to the unavailability of the Warren County process, the undersigned finds that Shorter has failed to carry his burden. *See Chapman v. Shaw*, 2015 WL 9597996, at *3 (S.D. Miss. Oct. 21, 2015).

Further, Defendants represent that once Shorter was transferred to CMCF, he still failed to file any grievances on the issues. "If impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred, unless there are other problems at the new facility." *Dillon v. Rogers*, 596 F.3d 260, 267–68 (5th Cir. 2010). *See also Lindsey v. Striedel*, 486 F. App' x. 449, 452 (5th Cir. 2012 (unpublished) (holding the transfer to a separate prison facility does not excuse failure to exhaust).

So, even if Shorter encountered impediments to the grievance process at the Warren County Jail, he could have exhausted remedies after transferring to CMCF. Shorter does not allege any

4

impediments existed to prevent him from filing a grievance at CMCF. At the *Spears* hearing, Shorter testified that he did not file any grievances once transferred to CMCF. An inmate may not simply initiate the grievance process but must complete the process. *Wright*, 260 F.3d at 358. By his own admissions, Shorter failed to even initiate the process. Shorter has not responded to Defendants' motion for judgment on the pleadings. Thus, the undersigned concludes that Shorter failed to exhaust his available administrative remedies under the ARP established by MDOC.

## **RECOMMENDATION**

The undersigned recommends that Plaintiff Abra Shorter's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed without prejudice based on his failure to exhaust administrative remedies.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which

there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

   IT IS THEREFORE ORDERED AND ADJUDGED, this the 18th day of January 2023.

               /s/ *Robert P. Myers, Jr.*
               ROBERT P. MYERS, JR.
               UNITED STATES MAGISTRATE JUDGE